IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| CARRIE M. WARD, ET AL., | * | |
| | * | |
| Plaintiffs, | * | |
| | | Case No.: GJH-15-708 |
| v. | * | |
| ZESHAN K. MUSTAFA, ET AL., | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUN OPINION**

On or around February 5, 2015, Plaintiffs Carrie M. Ward, Howard N. Bierman, Jacob Geesing, and PennyMac, Corp. (collectively, "Plaintiffs") filed an *in rem* foreclosure proceeding against Defendants Zeshan Mustafa, Kamal Mustafa, and Fatima Mustafa (collectively, "Defendants") in the Circuit Court for Montgomery County, Maryland following Defendants' default on a promissory note. *See* ECF No. 2. Defendants removed that case to this Court on March 13, 2015. *See* ECF No. 1. On April 13, 2015, Plaintiffs filed a motion to remand to the Circuit Court for Montgomery County, Maryland. *See* ECF No. 8. For the reasons stated more fully below, the Court will GRANT Plaintiffs' motion to remand.

Federal Courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *see In Re Blackwater Sec. Consulting, LLC,* 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility, LLC,* 530 F.3d 293, 296 (4th Cir. 2008) (internal citation omitted). "Where a

defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal." *Cunningham v. Twin City Fire Ins. Co.,* 669 F.Supp.2d 624, 627 (D.Md.2009). "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to 'demonstrat[e] that removal jurisdiction is proper.'" *Id.* (citing *Strawn v. AT & T Mobility, LLC,* 530 F.3d 293, 296 (4th Cir. 2008)). Here, Defendants have not met their burden of demonstrating that removal was proper because, despite Defendants' contention, the Court lacks both diversity jurisdiction and federal question jurisdiction.

District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 8 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, however, there must be "complete diversity," meaning that "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999) (internal citation omitted). Here, there is a lack of complete diversity as Defendants and several of the plaintiffs are from Maryland. Specifically, Plaintiffs Ward, Bierman, and Geesing are attorneys and trustees with their principal place of business located at 6003 Executive Blvd., Suite 101, Rockville, Maryland, 20852.  *See* ECF No. 8-1 at 8. Similarly, Defendants are domiciled in Maryland as they reside at 114406 Autumn Branch Terrace, Boyds, Maryland, 20841. *See* ECF No. 14 at 3. The parties therefore are not completely diverse. As a result, this action lacks diversity jurisdiction and removal based on diversity was improper. *See Mayes*, 198 F.3d at 461 ("the 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side").

The same is true of Defendants' attempt to remove this case based on federal question jurisdiction. Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). This case involves no such causes of action; rather, this case is an *in rem* foreclosure proceeding arising under Maryland state law, involving property located in Maryland. *See Wells Fargo Home Mortg., Inc. v. Neal*, 398 Md. 705, 726 (2007) ("This 'power of sale' foreclosure is 'intended to be a summary, in rem proceeding' which carried out 'the policy of Maryland law to expedite mortgage foreclosures.'"). While Defendants' notice of removal and opposition to Plaintiffs' motion to remand reflects that Defendants *may* be contemplating filing counterclaims based on federal law, for removal purposes, the Court looks only to the complaint to determine whether a federal question is presented. *See Franchise Tax Bd.*, 463 U.S. at 10 ("For better or worse, under the present statutory scheme . . . a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in original)); *see also Martin Pet Products (U.S.), Inc. v. Lawrence*, 814 F.Supp. 56, 58 (D. Kan. 1993) (rejecting argument that damages requested in counterclaim may be considered in establishing amount in controversy because "[t]he counterclaim had not been filed at the time of removal and cannot serve as a basis for later establishing this court's jurisdiction"). Because Plaintiffs have not pled any federal causes of action in their complaint, the Court lacks federal question diversity. Removal on this ground was therefore improper.[1]

---

[1] Defendants also cite 28 U.S.C § 1442 as a basis for removal. This statute governs suits against, and prosecutions of, Federal agencies and Federal officers. Defendants, however, do not fall within either category. Accordingly, removal under 28 U.S.C § 1442 was also improper.

Having failed to demonstrate this Court's jurisdiction over this matter, the Court must remand this action to the Circuit Court for Montgomery County, Maryland for further proceedings. As such, the Court will GRANT Plaintiffs' motion to remand, ECF No. 8, and will DENY Defendants' motion for leave to file surreply as unwarranted. *See* Loc. R. 105.2(a) (Md.) ("Unless otherwise ordered by the Court, surreply memoranda are not permitted to be filed.").

Dated: <u>May 29, 2015</u>                                     <u>       /S/            </u>
                                                                                George J. Hazel
                                                                                United States District Judge